James PARR, Appellant,

v.

The STATE of Texas, Appellee.

No. 59386.

Court of Criminal Appeals of Texas,
Panel No. 2.

Nov. 5, 1980.

James R. Lawrence, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty. and Eric Brown, Asst. Dist. Atty., Corpus Christi, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ODOM and DALLY, JJ.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for delivery of heroin. After a jury returned a guilty verdict, the court assessed punishment at ten years.

■ Appellant contends that the court erred in overruling his motion to quash the indictment because it failed to allege an offense. The indictment alleges that appellant "did then and there intentionally and knowingly deliver to Donnie Moore heroin, a controlled substance in Penalty Group 1...." Assuming that the matter is properly before us, the contention that the indictment fails to allege an offense because "Donnie Moore heroin" is not a controlled substance is without merit. No further discussion is necessary.

The State's chief witness, Donnie Moore, testified that, while working in an undercover capacity as a volunteer reserve officer for the Corpus Christi Police Department, he approached appellant and discussed the possibility of obtaining heroin from him. Appellant sold Moore four papers of heroin for $80.00. The money had been given to Moore by the Corpus Christi Police Department for the purpose of carrying on his undercover work. Moore's reserve activities were directed by the Corpus Christi Police Department, at least one police officer was working with him as a look-out on the night of this transaction, and Moore delivered the heroin to this officer moments after the purchase.

■ Appellant contends that the court erred in overruling his motion for an instructed verdict. The rationale appears to be that Moore was not a "peace officer" as defined in Article 2.12, V.A.C.C.P., and, therefore, he was an accomplice witness, whose testimony should have been corroborated.

Being a private citizen in a case like this does not make Moore an accomplice witness. In a case quite similar to the one at bar, *Burns v. State*, 473 S.W.2d 19 (Tex.Cr. App. 1971), the State's chief witness was a college student who had volunteered to "ferret out crime among the military." The student used marked money, given to him by law enforcement officials, to purchase drugs and immediately delivered his purchase to the police. The contention that the student was an accomplice witness was overruled, and the Court held that "an undercover agent, though a volunteer, is not an accomplice so long as he does not bring about the crime." Appellant does not argue that Moore is an accomplice because he brought about the crime, but merely because he was not a peace officer. This contention is without merit.

■ Appellant also contends that the court erred in allowing the State to present evidence of reputation for truth and veracity at the guilt phase of the trial. After the appellant testified, two police officers testified that appellant's general reputation in the community for truth and veracity was bad.

The general rule is found in *Mirowitz v. State*, 449 S.W.2d 475, 478–79 (Tex.Cr.App. 1969):

"'When defendant takes the stand as a witness he is subject to the same rules as any other witness. He may be contradicted, impeached, discredited, attacked,

sustained, bolstered up, made to give evidence against himself, cross–examined as to new matter, and treated in every respect as any other witness testifying in behalf of defendant, except where some statute forbids certain matters to be used against him, such as proof of his conviction on the former trial of the present case, his failure to testify on a former trial or hearing, and the like.' (quoting 1 Branch's Ann.P.C.2d, Section 168, page 170.)

" * * *

" 'In both civil and criminal cases a party may show that the reputation for truth and veracity of a material witness for the opposite party is bad. That showing may be made where a party testifies as a witness in his own behalf, * * *' " (quoting 62 Tex.Jur.2d, Section 282, page 267.)

■ The State's use of the word "general" in the questions regarding truth and veracity did not transform proper impeachment evidence into improper character evidence. See *Jeffers v. State*, 283 S.W. 785, 786 (Tex.Cr.App. 1926); 1 Ray, Texas Law of Evidence, Sections 649, 654 (3d ed. 1980). No error is shown.

Appellant contends that the proper chain of custody was not established for State's exhibits 1, 2, 3, 4, 5, and 6, and the court, therefore, erred in admitting them into evidence. The challenged exhibits (four "papers"–tinfoil packets of heroin–and two envelopes used by the police and chemists to identify and transport the papers) were properly identified. The exhibits were admitted into evidence over appellant's objection that the chain of custody was not established during the handling of the exhibits at the Department of Public Safety laboratory. On appeal, however, appellant's contention that the chain of custody was broken is based on the State's failure to call Officer Martinez, to whom the exhibits were delivered the day before the trial and more than six months after the actual chemical analysis of the heroin.

■ Assuming that the contention regarding the absence of Officer Martinez's testimony is properly before us, there is nothing in the record to suggest that anyone tampered with the evidence during this one day period. In *Montgomery v. State*, 506 S.W.2d 623 (Tex.Cr.App. 1974), this Court held that where there was no suggestion of tampering during the phase of the chain of custody from the time of the analysis at the laboratory to the time of trial, any objection to the admission of the exhibits went to the weight rather than the admissibility of the evidence. Generally, the significant period in the custody of physical evidence that requires chemical analysis is that time before the analysis. Seldom would the handling of such evidence after its analysis be of any consequence in a criminal trial where, as here, the substance is properly identified as that which was taken from the defendant and the chain of custody through the time of the analysis is properly established. There was no error in admitting these exhibits into evidence.

Finally, appellant contends that the court erred in overruling two motions for mistrial based on improper jury argument by the State. In the first instance, counsel for the State mentioned that defense counsel had contacted appellant's alibi witness and stated, "I'm not suggesting Mr. Lawrence [defense counsel] did anything. But I'm sure that during the conversation some mention must have been made of what testimony may have gone back...." Lawrence objected at this point, the State withdrew the statement, the court instructed the jury to disregard, and Lawrence's motion for mistrial was denied. Appellant contends that his remark was highly prejudicial because it left the jury with the impression that Lawrence suggested to the witness how to testify.

■ Counsel for the State would have been outside the bounds of proper jury argument if he had accused defense counsel of manufacturing evidence, lying to the jury, or suppressing the truth. *Carrillo v. State*, 591 S.W.2d 876, 894 (Tex.Cr.App. 1979); *Lopez v. State*, 500 S.W.2d 844 (Tex. Cr.App. 1973). However, there was no such accusation in this case. The State did not contend that this alibi witness was lying.

In fact, the witness' testimony was consistent with the State's theory and gave no real support to appellant's alibi. Furthermore, subsequent to appellant's objection, counsel for the State told the jury, "There's no doubt that Mr. Killibrew [the alibi witness] is telling basically the truth. I think we know that.... I think Mr. Killibrew told you exactly what happened."

Error, if any, was cured by the court's instruction to disregard. See *Blansett v. State*, 556 S.W.2d 322 (Tex.Cr.App. 1977).

■ The next argument complained of was in reference to appellant's testimony that there were numerous persons who could substantiate his alibi. The prosecutor stated: "Know why they didn't come in here? Because they couldn't testify that way." Appellant objected, the State withdrew the statement, and appellant moved for a mistrial. Appellant did not request that the jury be instructed to disregard the argument. Unless an argument is so inflammatory that its prejudicial effect could not have been alleviated by an instruction to disregard, the failure to request such an instruction waives the error. See *Duran v. State*, 505 S.W.2d 863, 864 (Tex.Cr.App. 1974); *Blassingame v. State*, 477 S.W.2d 600, 604 (Tex.Cr.App. 1972).

No reversible error has been shown. The judgment is affirmed.