Thomas Edward PIKE, Appellant,

v.

The STATE of Texas, Appellee.

Loria Willbanks FOWLER, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 10–87–225–CR, 10–87–215–CR.

Court of Appeals of Texas, Waco.

June 16, 1988.

Rehearing Denied July 21, 1988.

Ronald R. Waldie, Seven Points, Barry L. Elliott, Mabank, for appellant.

Robert W. Gage, Co. Atty., Philip L. Cline, Asst. County, Dist. Atty., Fairfield, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendants Pike and Fowler from conviction for conspiracy to manufacture phenylacetone. The joint trial of defendants was to the court which assessed punishment at 24 years and a $5000 fine for each.

Defendant Pike appeals on 5 points of error and defendant Fowler appeals on 4 points.

Defendant Pike's points 1 through 3 and defendant Fowler's points 1 and 2 each assert that the arrest of defendants was without probable cause and the search of their vehicle was an illegal search. Defendants contend their vehicle was the subject of a pretext stop and therefore any evidence seized or statements given were fruits of an illegal search and should have been suppressed by the trial court.

The record reflects that on April 21, 1987, Trooper David Eldridge of the Texas Department of Public Safety was on routine patrol southbound on Interstate 45 in Freestone County, Texas. He observed by radar a northbound 1986 Chevrolet pickup truck traveling at a speed of 64 miles per hour in a 55–mile–per–hour zone. Eldridge made a U-turn and approached the truck from behind. The truck reduced its speed, and as Eldridge neared the vehicle, he noticed the passenger windows were equipped with unapproved glass coating material. Eldridge stopped the truck for speeding and for the unapproved glass. Defendant Pike, the driver of the truck, exited the vehicle, met Eldridge at the rear of the truck, and produced a valid Texas driver's license. During this exchange, Eldridge detected a very strong odor which he believed to be phenylacetic acid, a substance associated with the manufacture of amphetamine, methamphetamine and phenylacetone. Eldridge asked defendant Fowler to exit the truck and searched both defendants for weapons. Eldridge then pulled back the tarp covering the bed of the truck and found glassware, laboratory equipment and chemicals frequently associated with the manufacture of controlled substances.

Both defendants were arrested and taken to the county jail where defendant Pike gave a written statement detailing his involvement with a man named "James" in purchasing the chemicals necessary to set up a drug lab. A search of defendant Fowler's purse revealed what appeared to be a checklist of the chemicals and lab equipment which were found in the bed of the truck.

Nothing in the record implies that defendants were stopped for any reason other than the traffic violations testified to by Trooper Eldridge. Once stopped, Eldridge detected the distinctive, penetrating and strong odor of phenylacetic acid coming from the bed of the truck. Eldridge then searched the bed of the truck and discovered the chemicals and equipment necessary to manufacture several types of controlled substances.

Automobiles may be searched without a warrant in some circumstances where a warrantless search of a house or office would not be justified. *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). The warrantless search of an automobile hinges on two factors: (1) probable cause and (2) exigent circumstances. *Gauldin v. State*, 683 S.W.2d 411 (Tex.Cr. App.1984). Probable cause for a warrantless search exists when the facts and circumstances which are within the knowledge of the officer on the scene and of which he has trustworthy information that would lead a man of reasonable caution and prudence to believe he will find the instrumentality of a crime or evidence pertaining to a crime. *Delgado v. State*, 718 S.W.2d 718, 722 (Tex.Cr.App.1986). In *Moulden v. State*, 576 S.W.2d 817 (Tex.Cr. App.1978), police officers detected the odor of burnt marihuana emanating from a vehicle they had stopped for speeding. The court upheld the warrantless search finding the officers had probable cause because they knew the smell of burnt marihuana and smelled that odor when asking the driver for his license.

■ Trooper Eldridge testified that he detected a strong odor emanating from the bed of the truck; that several chemicals have a strong, penetrating, petroleum-like odor; that phenylacetic acid has the most distinctive odor; and that the odor he detected was of the type associated with the clandestine manufacture of amphetamine and methamphetamine. Accordingly, the search of the truck was not illegal and the defendants' motions to suppress were properly overruled.

Defendant Pike's points 1 through 3 and defendant Fowler's points 1 and 2 are overruled.

Defendant Pike's point 4 contends his written statement was not voluntarily given and therefore should not have been admitted into evidence.

■ Defendant Pike gave a written statement that he had been given $2100 in cash by a man named "James" to go to Humble, Texas, and purchase the chemicals and glassware necessary to set up a "speed" lab. Pike testified at the *Jackson v. Denno* hearing that Trooper Eldridge offered to reduce Pike's bond to $5000 if he gave a statement, but would recommend a $50,000 bond if he did not. Pike also testified he gave his confession in order to put down in writing that defendant Fowler, his sister-in-law, had nothing to do with the criminal activity.

Article 38.21 V.A.C.C.P. provides: "A statement of an accused may be used in evidence against him if it appears that the same was freely and voluntarily made without compulsion or persuasion, under the rules hereafter prescribed." If the confession is shown to be voluntarily given, it may be admitted as direct evidence. *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

The record reflects defendants were arrested at approximately 1:39 p.m. and given their *Miranda* warnings. Eldridge testified at the *Jackson v. Denno* hearing that he began reading the top portion of the statement form with its warnings to defendant Pike at 3:10 p.m.; that Pike had been in the booking area from the time of arrest until 3:10 p.m.; that he felt Pike understood all the *Miranda* and statutory rights he was given; and that he did not recall any discussions concerning Pike's bond until after the statement had been signed. Eldridge testified that the only thing he told Pike with regards to defendant Fowler was that any statement Pike made exonerating Fowler would be turned over to the district attorney's office. Deputy Dickie Ray Taylor of the Freestone County Sheriff's Department testified that he was present when Eldridge explained to Pike the various warnings; that Pike answered "yes" when asked if he understood his rights; that Pike answered "no" when Eldridge asked whether he had been made any promises or been threatened or coerced into making his statement; that Pike signed the statement in Taylor's presence and that Taylor then signed as a witness.

At the close of the hearing, the court found: that the statement had been voluntarily given; that any equivocations on the part of Eldridge had been cleared up to the

court's satisfaction; and that the court disbelieved defendant Pike's denial that his statement was involuntary.

At a hearing on the voluntariness of a confession, the trial judge is the trier of the facts, the credibility of the witnesses and the weight to be given to their testimony. *White v. State*, 591 S.W.2d 851, 860 (Tex. Cr.App.1979). We are not at liberty to disturb any finding which is supported by the record, and we accordingly defer to the determinations of the trial court. *Self v. State*, 709 S.W.2d 662, 665 (Tex.Cr.App. 1986).

Defendant Pike's point 4 is overruled.

 Defendant Fowler's points 3 and 4 assert the evidence is insufficient to prove Fowler's culpable mental state and fails to affirmatively link Fowler to the offense charged.

Defendant Fowler was indicted for conspiracy to manufacture a controlled substance, specifically that she did "agree with Thomas Edward Pike that they and one or more of them engage in conduct that would constitute said offense and the said Thomas Edward Pike did perform an overt act in pursuance of the agreement to commit said felony, to-wit: the transportation of some of the chemicals and equipment to be used in the manufacture of said Phenylacetone."

Deputy Judy Robinson of the Freestone County Sheriff's Department testified that when defendant Fowler was booked in the county jail, the contents of her purse were inventoried. A list was found with the names of chemicals and equipment similar to those found in the bed of the truck. The list was found inside an envelope addressed: "Ron's, 6010 North Belt, Suite 701, Humble, Texas, 77396."

Deborah Reagan, a chemist with the Department of Public Safety with a Ph.D. in chemistry, identified the chemicals and equipment found in the truck. She testified that in her experience and based on her training, these items would be used in the manufacture of phenylacetone and there would be no legitimate reason for having such items but for the manufacture of contraband. Reagan compared the items on the list found in defendant Fowler's purse to those found in the back of the truck. The items were virtually identical.

We must view the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Humason v. State*, 728 S.W.2d 363 (Tex.Cr. App.1987). Using this test, we find the evidence sufficient to establish the offense charged. Tex.Pen.Code Ann. § 15.02 (Vernon 1974).

Defendant Fowler's points 3 and 4 are overruled.

Defendant Pike's point 5 asserts the evidence is insufficient to establish his guilt beyond a reasonable doubt.

In addition to the testimony of the DPS chemist as set forth in Fowler's points 3 and 4, the record contains defendant Pike's written and signed confession.

Defendant Pike's point 5 is overruled.

BOTH CASES ARE AFFIRMED.