**Georgia Faye BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Clarence Wayne BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 10–87–038–CR, 10–87–039–CR.**

Court of Appeals of Texas,
Waco.

July 21, 1988.
Discretionary Review Refused
Dec. 14, 1988.

William E. Tise, Houston, for appellants.

Latham Boone, III, Dist. Atty., David S. Barron, Asst. Dist. Atty., Anderson, for appellee.

OPINION

McDONALD, Chief Justice.

Number 10–87–038–CR is an appeal by defendant Georgia Faye Brown from con-

viction for manufacturing a controlled substance (methamphetamine) for which she was assessed 10 years in the Texas Department of Corrections.

Number 10–87–039–CR is an appeal by defendant Clarence Wayne Brown from conviction for manufacturing a controlled substance (methamphetamine) for which he was assessed 25 years in the Texas Department of Corrections.

Defendants in the above cases are husband and wife; they were tried jointly as co-defendants; there is a common statement of facts; their counsel is the same; the briefs are identical; and each asserts identical points of error.

■ Defendants' Points 1 assert: "The evidence was insufficient to prove beyond a reasonable doubt that the [defendant] manufactured methamphetamine as alleged in the indictment."

On August 19, 1986, officers from the Brazos Valley Narcotics Task Force executed a search warrant on a mobile home in Normangee, Texas, in which defendants, husband and wife, had lived for three years. When the officers arrived Mr. Brown exited the home with a pistol but dropped the weapon when instructed to do so. Both defendants were at home when the officers arrived and there was a strong odor coming from the residence which was consistent with the manufacture of methamphetamine. Three feet from the mobile home was a travel trailer where most of the methamphetamine was being manufactured. Dennis Ramsey, a chemist with the Texas Department of Public Safety testified the chemicals were in different stages of the manufacturing process. There was a heavy duty extension cord that ran from the mobile home to the trailer. The cord was covered with grass and had apparently been there for some time. The cord supplied the trailer with electricity. There was a well-worn walkway from the front door of the mobile home to the trailer where the contraband was discovered.

In the mobile home was a refrigerator containing 341 grams of phenalacetone, commonly used in the manufacture of methamphetamine; also in the mobile home were syringes and filters that are used to dilute impurities from methamphetamine. In Mrs. Brown's purse was a receipt for acetone made to Mr. Brown. Acetone is used in the manufacture of methamphetamine. A can of acetone was in the trailer. In Mrs. Brown's purse was a newspaper article detailing a 24–year prison sentence for a man convicted of manufacturing drugs. Also in Mrs. Brown's purse was a key to the lock on the trailer.

Both defendants took the stand and denied any connection with the drugs and paraphernalia. Their defensive theory was that they had been framed by a man named Bilideaux who had moved the trailer onto their property and ostensibly planted the drugs in their house.

The standard for review for sufficiency of the evidence is to view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements beyond a reasonable doubt. *Carlsen v. State*, Ct.Crim.Appls, 654 S.W.2d 444.

The following facts connect defendants to the manufacture of methamphetamine: Mr. and Mrs. Brown lived in the mobile home within three feet of a trailer where methamphetamine was being manufactured; there was an electrical cord that ran from defendants' home to the trailer which supplied it with electricity; the walkway between the front door of the mobile home and the trailer was well worn; there was strong odor of methamphetamine permeating the premises; phenalacetone was inside the mobile home; syringes and other narcotics' paraphernalia were inside the mobile home; a receipt for acetone was found in Mrs. Brown's purse; a newspaper article concerning conviction of a person for manufacturing drugs was found in Mrs. Brown's purse; the key to the lock on the trailer where most of the methamphetamine was found was discovered in Mrs. Brown's purse.

The evidence is sufficient to prove beyond a reasonable doubt that defendants manufactured methamphetamine as alleged in the indictment. See *Pinkston v.* State,

CA (Fort Worth) Pet. Ref'd, 681 S.W.2d 893; *Ashford v. State*, CA (Houston [1st]) no pet., 630 S.W.2d 705.

Point 1 is overruled in both cases.

■ Points 2 assert: "Reversible error resulted from improper jury argument by the prosecutor in the penalty phase of the trial".

Two separate arguments are complained of. The State's counsel argued: "The decision that you have is between probation and a wide term of imprisonment, the minimum range being 10 years or probation, the maximum range being 99 years or life. And we know that if he would have been indicted for over ... if they have been indicted for having over 400 grams...."

Counsel for defendants objected to any reference to what they were not indicted for and the trial court sustained the objection. Defendants' counsel made no request of the trial court to disregard the statement and did not move for a mistrial. No error was preserved. *Parr v. State*, Ct. Crim.Appls, 606 S.W.2d 928; *Duran v. State*, Ct.Crim.Appls, 505 S.W.2d 863.

■ Later, the State's counsel argued:

The first step in rehabilitation is to admit that you're guilty, to admit that you're wrong. You heard the Browns get up on the stand in the punishment phase and look you in the eye and tell you that they are still not guilty of this offense. They still have not admitted it to you. And when they told you that cock and bull story during the guilt-innocence phase of this trial they lied on their oath to God.

COUNSEL FOR DEFENDANTS: I object to that. That's improper argument. It's reversible error for the District Attorney to call one of the witnesses a liar.

THE COURT: You may base your argument on the evidence as you see it. You base it on the evidence, not in your opinion based on the evidence.

The District Attorney's observation that the witness was not truthful was a reasonable deduction from the evidence and therefore proper. *Alejandro v. State*, Ct.Crim. Appls, 493 S.W.2d 230. Moreover, defendants did not obtain a specific ruling on his objection from the court. An objection to jury argument must be specific and pressed to the point of procuring a ruling or the objection is waived. *Carter v. State*, Ct.Crim.Appls, 614 S.W.2d 821.

Both Points 2 are overruled.

AFFIRMED.