Bruce Wayne ROUTLEDGE, Appellant,

v.

The STATE of Texas, State.

Billy Ray CRAWFORD, Appellant,

v.

The STATE of Texas, State.

Vivian Nell HILL, Appellant,

v.

The STATE of Texas, State.

Nos. 2–91–204–CR, 2–91–230–CR and 2–91–231–CR.

Court of Appeals of Texas,
Fort Worth.

June 16, 1992.

Rehearing Overruled Aug. 19, 1992.

Discretionary Review Refused
Nov. 4, 1992.

Trimber & McAfee, P.C., George R. Trimber, Fort Worth, for appellant Routledge.

Ronald Aultman, Fort Worth, for appellant Crawford.

Gerhard Kleinschmidt, Fort Worth, for appellant Hill.

Tim Curry, Criminal Dist. Atty., C. Chris Marshall, Lisa C. McMinn, Peter Keim and Bill Koos, Assts., Fort Worth, for appellee.

Before FARRIS, MEYERS and DAY, JJ.

## OPINION

MEYERS, Justice.

Appellants, Bruce Wayne Routledge, Billy Ray Crawford, and Vivian Nell Hill, appeal from convictions of aggravated possession of a controlled substance, namely amphetamine of more than 400 grams, with intent to deliver. *See* TEX.HEALTH & SAFETY CODE ANN. § 481.116(d)(2) (Vernon Pamph.1992). Punishment for Routledge was assessed by the jury at fifteen years confinement and a fine of $7,500. Punishment for Crawford was assessed by the jury at fifteen years confinement and a $5,000 fine. Punishment for Hill was assessed by the jury at twenty years confinement and a $7,500 fine.

We affirm all three convictions.

On June 1, 1988, Officer David Flory, a Lieutenant with the City of Bedford Police Department then assigned to the Tarrant County Narcotics Task Force, met with Danny Overstreet to purchase a pound of

amphetamine. At approximately 7:05 p.m., Danny arrived in a pickup. He told Officer Flory that "he was waiting on the girl that was going to bring the drugs to meet him there in a few minutes." Overstreet also told Officer Flory that he had brought appellant Billy Ray Crawford "a friend of mine on this deal and he'll—he's across the street."

Sometime later, appellant Vivian Hill arrived in a black Blazer. Overstreet went over to her Blazer, and returned to tell the officers that the narcotics were at a KMart store, and that Hill wanted to be paid in advance. Overstreet and Hill then drove their separate cars to a KMart in Euless, disappeared shortly behind the store, and reemerged. Overstreet drove back to where Officer Flory was waiting and delivered approximately one-quarter pound or 110.02 grams of amphetamine to the officers, and was immediately arrested.

Meanwhile, Hill had left the KMart parking lot and surveillance officers followed her. The officers were waiting to receive word that the drug transaction with Overstreet was completed. She drove to a residential area and pulled in behind a blue Pontiac parked on the street with its hood raised. Hill's brother, appellant Bruce Wayne Routledge, was looking under the hood of the Pontiac. Officer Freeman arrived on the scene, approached the pair, and asked them for identification. Officer O'Connell, who had followed Hill from the KMart, received word that Overstreet had been arrested and that he should effect the arrest of Hill. When Officer O'Connell passed the open window of the Pontiac, he smelled the strong odor of amphetamine. The officer searched the car and found a black garbage bag in the floorboard of the back seat which contained 442.75 grams or one pound of amphetamine. Appellant Routledge was then arrested.

■ In all three appellants' first points of error, they argue that the trial court erred in denying Routledge's motion to suppress the amphetamine found in the Pontiac, because the search violated Routledge's constitutional rights. Routledge asserts the officers had no probable cause to stop and interrogate him, and no probable cause to conduct a warrantless search of his car.

An investigative detention, to be constitutionally valid, may be founded upon a reasonable, articulable suspicion that the person detained is connected with criminal activity. *Amores v. State,* 816 S.W.2d 407, 411 (Tex.Crim.App.1991), citing *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In the present case, both Officers Freeman and O'Connell testified that from their experience as narcotics officers, they had learned it was common in drug transactions for a drug dealer to hold the drugs in his car at a remote location with the hood of his car raised. Officer Freeman testified his suspicions were aroused when they arrived on the scene with Hill and Routledge and his hood was up. Moreover, Overstreet had told the officers that Hill had the rest of the amphetamine in her Blazer and she wanted to deliver it in one-quarter pound increments. The officers believed Hill had the remaining three-quarters of a pound, and when they found her she was talking to her brother, Routledge, who was parked with his hood raised. The officers had reasonable suspicion to question Routledge, long enough to investigate and determine whether he was in possession of a controlled substance.

■ Next, we must determine whether the officers had probable cause to search Routledge's car without a warrant. The standard for probable cause in a warrantless search is no less stringent than that required to be shown for issuance of a search warrant. *Washington v. State,* 660 S.W.2d 533, 535 (Tex.Crim.App.1983). The "totality of the circumstances" test applies in Texas for determining probable cause for warrantless search and seizure. *Amores,* 816 S.W.2d at 413; *Eisenhauer v. State,* 754 S.W.2d 159, 164 (Tex.Crim.App.), *cert. denied,* 488 U.S. 848, 109 S.Ct. 127, 102 L.Ed.2d 101 (1988). Probable cause to search or arrest exists when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that the instrumentality of a

crime or evidence pertaining to a crime will be found. *Amores*, 816 S.W.2d at 413. The circumstances must also be such that the procuring of a warrant is impracticable. *Washington*, 660 S.W.2d at 535. The burden is on the State to prove the existence of probable cause to justify a warrantless arrest or search. *Amores*, 816 S.W.2d at 413.

■ While the officers were on the scene arresting Hill for her participation in the earlier transaction, O'Connell walked past the open window of the Pontiac Routledge had been standing next to, and smelled the strong odor of amphetamine. The odor of an illegal substance can provide an element of probable cause for a search. *Moulden v. State*, 576 S.W.2d 817 (Tex.Crim.App. [Panel Op.] 1978); *Pike v. State*, 752 S.W.2d 737, 739 (Tex.App.—Waco 1988, pet. ref'd).

The duty of the reviewing court is to look to the totality of the circumstances to determine if there exists a substantial basis for concluding that probable cause existed at the time of the questioned action. *Eisenhauer*, 754 S.W.2d at 164. The officers had reasonable suspicion to proceed with their investigation of Routledge. And further, the odor of amphetamine emitting from the car, along with the officers' knowledge of Hill's involvement in a drug transaction, and their belief that Hill had the remaining three quarters from the deal, provided probable cause.

Additionally, procuring a warrant would be impractical. A car stopped with alerted occupants carries a high risk that the car's contents may never be found again. *Hudson v. State*, 588 S.W.2d 348, 354 (Tex. Crim.App. [Panel Op.] 1979). After O'Connell searched the car, he found a baggie with white powder in it, and Routledge was then arrested. After examining the "totality of the circumstances," we find the officers properly questioned Routledge, and we conclude that probable cause existed at the time of the action. The officers' warrantless search was not illegal.

■ Additionally, Crawford and Hill do not have standing to contest the search of Routledge's vehicle. Before a fourth amendment claim can be raised, an appellant must establish standing to object to the alleged illegal conduct on the part of the police. *Roeder v. State*, 768 S.W.2d 745, 755 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd). Codefendants have no special standing. *Id.* Even if Crawford and Hill had standing to complain of the search, the trial court did not err because the search of the car was valid, and the amphetamine admissible. The appellants' first points of error are overruled.

■ In Routledge's second point, and Crawford's and Hill's third points, all three argue the trial court erred in permitting testimony that they possessed amphetamine. However, none of the three appellants cite the court to any instances in the record where there was testimony regarding the possession of amphetamine by them. TEX.R.APP.P. 74(f). Without references to the record, the court cannot determine if the erroneous testimony was objected to, and in the absence of an objection, nothing is preserved for appellate review. TEX.R.APP.P. 52(a). Routledge's second point and Crawford's and Hill's third points of error are overruled.

Routledge's third point, and Crawford's and Hill's fourth points of error argue that the trial court erred in overruling their motions for directed verdict. All three appellants argue that the State did not establish a connection between them and the drugs and thus, the court should have entered a verdict of not guilty. We must consider the evidence for each appellant separately.

■ First, Routledge argues the State did not establish a connection between him and the confiscated amphetamine, and that every other reasonable hypothesis has not been excluded. Routledge asserts the only connection between himself and the drug transaction was that his sister pulled her vehicle behind the car on which he was working. He argues he was doing nothing out of the ordinary and his activity was as consistent with innocent activity as it was with criminal activity.

In order to connect Routledge with the amphetamine, the State must provide "affirmative links" between the defendant and the controlled substance. *Humason v. State*, 728 S.W.2d 363, 365–66 (Tex.Crim. App.1987). The affirmative link can be established by showing additional facts and circumstances which indicate the accused had knowledge and control of the contraband. *Deshong v. State*, 625 S.W.2d 327, 329 (Tex.Crim.App. [Panel Op.] 1981). Among such additional facts which can establish the affirmative link are: the contraband was in plain view, *id.;* the accused was the driver of the automobile in which the contraband was found, *Moulden*, 576 S.W.2d at 817; and the contraband emitted a clear and distinct odor, *Hughes v. State*, 612 S.W.2d 581, 582 (Tex.Crim.App. [Panel Op.] 1981).

The evidence, which this court must view in the light most favorable to the verdict, is clearly sufficient to link Routledge affirmatively to the amphetamine. Officer O'Connell testified that Routledge claimed the car where the amphetamine was found was his. Officer Freeman testified that Routledge was standing in front of the vehicle looking under the hood. This evidence is clearly sufficient to establish that Routledge exercised control over the vehicle. Additionally, the windows of the car were down and a smell of amphetamine could be detected from outside the car through the open windows. The smell of amphetamine in his own car would be difficult for Routledge to miss. The evidence is clearly sufficient to establish an affirmative link between Routledge and the amphetamine. All reasonable hypotheses have been excluded. Routledge's third point of error is overruled.

■ Secondly, Hill asserts that the State failed to prove she possessed amphetamine, and there was no evidence affirmatively linking her to the amphetamine. Hill argues that no witnesses testified she possessed amphetamine at any time. The present law in Texas is that if a defendant does not testify at the guilt stage of the trial, but does testify at the punishment stage of trial, and admits his guilt to the crime for which he had been found guilty, he has, for legal purposes, entered the equivalent of a plea of guilty. *DeGarmo v. State*, 691 S.W.2d 657, 660–61 (Tex.Crim. App.), *cert. denied*, 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985). The law is clear that such a defendant waives any challenge to the sufficiency of the evidence. *Id.* at 661. Hill admitted her guilt at the punishment phase of trial. Hill's admissions constitute a waiver of the challenge to the sufficiency of the evidence. Hill's fourth point of error is overruled.

Third, Crawford argues that the State failed to establish an affirmative link between himself and the amphetamine, and failed to exclude every other reasonable hypothesis except his guilt. The State contends that Crawford was guilty as a party by aiding Overstreet in the commission of the offense; and that they need not prove that Crawford actually possessed or was "affirmatively linked" to the amphetamine.

■ In order to support a conviction based upon accomplice testimony, the accomplice witness's testimony must be both material and corroborated by independent evidence tending to connect the accused with that offense. *Holladay v. State*, 709 S.W.2d 194, 200 (Tex.Crim.App.1986); Tex. Code Crim.Proc.Ann. art. 38.14 (Vernon 1979). The test of the sufficiency of the corroborating evidence requires that we eliminate from consideration the evidence of the accomplice witness and then examine the testimony of other witnesses to determine whether there is inculpatory evidence which tends to connect the defendant with the commission of the offense. *See Mulder v. State*, 707 S.W.2d 908, 912 (Tex.Crim. App.1986); *Cruz v. State*, 690 S.W.2d 246, 250 (Tex.Crim.App.1985). In applying this test, each case must be considered on its own facts and circumstances. *Mitchell v. State*, 650 S.W.2d 801, 807 (Tex.Crim.App. 1983), *cert. denied*, 464 U.S. 1073, 104 S.Ct. 985, 79 L.Ed.2d 221 (1984).

■ All the facts and circumstances in evidence may be looked to as furnishing the corroboration necessary and the corroborative evidence may be circumstantial or direct. *Id.* Further, it is the cumulative

weight of the corroboration that must be examined to see if sufficient corroboration exists. *Cooper v. State,* 631 S.W.2d 508, 511 (Tex.Crim.App.1982); *Chambers v. State,* 508 S.W.2d 348, 351 (Tex.Crim.App. 1974). The evidence corroborating the accomplice witness's testimony need not be sufficient to establish the guilt of the accused; it is sufficient if it tends to connect the defendant with the offense. *Marrs v. State,* 647 S.W.2d 286, 287 (Tex.Crim.App. 1983).

▇▇ Tex.Penal Code Ann. § 7.02(a)(2) (Vernon 1974) states:

(a) A person is criminally responsible for an offense committed by the conduct of another if:

....

(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense....

*Id.*

Overstreet testified on behalf of the State, which had granted him immunity from prosecution. Overstreet identified Crawford and Hill as coparticipants but could not identify Routledge. Overstreet testified that Crawford aided Overstreet's commission of the offense by lending Overstreet a car to commit the offense, and by acting as a lookout for Overstreet. Overstreet had told Crawford he was going to use the truck to make a deal for a pound of "dope," and he had promised Crawford some money out of the deal.

Additionally, Overstreet's testimony is corroborated by other evidence tending to connect Crawford to the commission of the offense. *See* Tex.Code Crim.Proc.Ann. art. 38.14. Officer Flory testified that Overstreet said he had brought along a friend on the deal. Crawford was seen with Overstreet immediately before the offense, and was across the street from where the offense took place. Crawford aided Overstreet in committing the offense by loaning him his truck. Additionally, Crawford spoke with an undercover officer across the street, and revealed his knowledge of the drug transaction taking place between

Overstreet and the other officers. There was also evidence that Crawford was constantly looking across the street in the direction of where the offense was taking place, which could indicate that he was conducting surveillance of the transaction. Proof that the accused was present at or near the scene, when coupled with other suspicious circumstances, may be sufficient. *Cruz,* 690 S.W.2d at 250. The evidence tends to connect Crawford with the offense and is sufficient to corroborate Overstreet's testimony. Crawford's fourth point of error is overruled.

In Routledge's fourth point, and Hill's and Crawford's second points of error, the appellants argue that the trial court erred by allowing the State to join the three defendants in one trial. All three defendants argue that the judge failed to instruct the jurors to disregard any evidence as to drugs not found in their possession. And further, that the jury heard evidence concerning an unrelated narcotics transaction involving Crawford, which was prejudicial.

The trial court granted the State's motion for consolidation and joinder. Routledge and Crawford both filed motions to sever. Routledge's motion was heard on April 15, 1991. No evidence was offered in support of the motion, and it was denied. Crawford's motion was not filed until the day of trial, and no evidence was offered to support it. Hill did not file a motion to sever.

▇▇ Tex.Code Crim.Proc.Ann. art. 36.09 (Vernon 1981) states in pertinent part:

Two or more defendants who are jointly or separately indicted or complained against for the same offense or any offense growing out of the same transaction may be, in the discretion of the court, tried jointly or separately as to one or more defendants ... and provided further, that in cases in which, upon timely motion to sever, and evidence introduced thereon, it is made known to the court that there is a previous admissible conviction against one defendant or that a joint trial would be prejudicial to any

defendant, the court shall order a severance as to the defendant whose joint trial would prejudice the other defendant or defendants.

*Id.* (emphasis added).

A severance under article 36.09 is not a matter of right and rests with the discretion of the trial court. *Garza v. State*, 622 S.W.2d 85, 91 (Tex.Crim.App. [Panel Op.] 1981) (opinion on reh'g). All three appellants argue they were prejudiced by evidence admitted against their codefendants, yet no evidence was presented at the pretrial hearing to show possible prejudice. The mere allegation that prejudice will result is not evidence of or sufficient showing of prejudice under article 36.09, particularly when the severance is discretionary with the trial judge. *Mulder*, 707 S.W.2d at 915. The trial court did not abuse its discretion in denying the motions for severance. Routledge's fourth point and Crawford's and Hill's second points of error are overruled.

In Hill's and Routledge's fifth points of error, they argue that the trial court erred by refusing to submit requested jury instructions regarding the issue of possession. In Crawford's fifth point, he argues the trial court erred in refusing to submit a requested jury instruction regarding corroboration of a statement made by Crawford to one of the officers. None of the appellants cite any authority to support their contentions that the instructions they submitted were improperly excluded. TEX. R.APP.P. 74(f). The charge that was submitted adequately instructed the jury on the issue, and was substantially similar to the one requested by appellants. Appellants' fifth points of error are overruled.

 In their sixth point of error, appellants complain the trial court erred by including a charge tantamount to conspiracy. Appellants argue the inclusion of all their names in the instruction implies a conspiracy theory. None of the appellants cite any authority for this proposition, nor do they present any arguments. This point of error is inadequately briefed and preserves nothing for review. TEX.R.APP.P. 74(f).

 In their seventh point of error, appellants argue the trial court failed to conduct a balancing test when considering the admission of prejudicial matters. All three appellants cite to specific instances in the record where they feel the trial court made improper rulings on objections. None of appellants' objections at trial comport with this complaint on appeal, and error has not been preserved. *See Thomas v. State*, 701 S.W.2d 653, 659 (Tex.Crim.App.1985). Further, error under TEX.R.CRIM.EVID. 403 is not preserved if a defendant does not allege that the prejudicial effect of admitting the evidence outweighs its probative value. *Montgomery v. State*, 810 S.W.2d 372, 388 (Tex.Crim.App.1990) (opinion on reh'g). None of the appellants alleged at trial that the alleged prejudicial effect outweighed the probative value of the evidence. Appellants' seventh points of error are overruled.

 In their eighth point of error, appellants argue the State made an improper statement during jury argument. The complained-about argument was as follows:

[PROSECUTION:] I'd submit that some of the lawyers in their arguments made efforts to make you feel sorry for these Defendants, to make you feel sad about what you might be doing, to make you feel sad for their children, to make you hesitate and consider factors that you shouldn't in determining in what the sentence should be.

Well, I submit, ladies and gentlemen, that the only reason that you're here today and the only reason that you've been sitting here and participating in this process for the last two weeks is because they put you here.

[DEFENSE COUNSEL]: Objection. I think that's improper argument, Your Honor, that they put us here.

The trial court sustained this objection and instructed the jury to disregard. Appellants argue the statement was impliedly a comment on their failure to testify. We disagree that this argument can be construed as a comment on the appellants' failure to testify.

To receive the stamp of approval, jury arguments need to be within the areas of:

(1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex.Crim.App. 1973). The prosecutor's above comments were a response to the defendants' earlier statements that they should not be incarcerated because it would be unfair to their children or their future earning potential

Hill also complains that the prosecutor commented on her failure to testify during the guilt-innocence phase with the following argument:

If you think Officer O'Connell was lying, then you have the right, and you certainly have the duty, to cut these poor, innocent folks loose. And I ask you to do that if you think that's the right thing to do if you think you're doing justice. When you cut through all of this, when you come in here and you render your verdict, I ask that you feel in your heart you've done justice, you have gotten to the truth.

And what is the truth?

Again, Hill has failed to indicate how this argument could be construed to be a comment on her failure to testify. The argument was within the proper realm of jury argument. Appellants' eighth points of error are overruled.

Judgment is affirmed.