Walker v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-066-CR

        MARTIN DALE WALKER,
                                                                                       Appellant
        v.

        THE STATE OF TEXAS,
                                                                                       Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court # 22196CR
                                                                                                    

O P I N I O N
                                                                                                    

          A jury convicted appellant, Martin Dale Walker, of felonious possession of marijuana. 
Tex. Health & Safety Code Ann. § 481.121(b)(4) (Vernon Supp. 1997). Walker's punishment
was enhanced with two prior felony convictions, Tex. Penal Code Ann. § 12.42(d)(1) (Vernon
Supp. 1997), and punishment was assessed by the jury at 99 years' incarceration in the
Institutional Division of the Texas Department of Criminal Justice. In five points of error, Walker
alleges the trial court erred by: (1) denying his motion for mistrial based on an improper question
by the State during voir dire; (2) denying his motion for mistrial based on irrelevant testimony of
an out-of-state police officer; (3) and (4) admitting evidence which was the product of an unlawful
search and seizure; and (5) overruling his objection to the jury charge because the charge did not
contain language calling for a directed verdict of not guilty. We affirm.
          On September 12, 1995, while on routine patrol on Interstate 45 in Ellis County, Micheal
Lee Turner, a trooper with the Texas Department of Public Safety, stopped a vehicle when he
observed the vehicle swerving off the road and almost striking a guard rail. As Trooper Turner
approached the vehicle, he noticed it had an Ohio license plate and that there were two passengers,
one in the front-seat and one in the back-seat. When he reached the driver's door, Trooper Turner
asked the driver, identified as Walker, for his driver's license and proof of insurance. Walker told
Trooper Turner he did not have proof of insurance because a friend had rented the vehicle for
Walker. At Trooper Turner's request, Walker's front-seat passenger produced the rental
agreement from the glove box and handed it to Trooper Turner through the passenger-side
window. As he took the rental agreement from the passenger, Trooper Turner noticed a strong
odor of freshly-cut marijuana coming from the vehicle. Because the rental agreement showed that
the vehicle had been scheduled to be returned two weeks earlier, Trooper Turner questioned
Walker as to the name of the friend who had rented the car. In response to Trooper Turner's
question, Walker replied that he did not know his "friend's" name. Trooper Turner then
suggested that Walker might have packed the proper rental agreement in his luggage which was
stored in the trunk. Agreeing, Walker unlocked the trunk for Trooper Turner. Once again
Trooper Turner detected a strong odor of unburned marijuana. At this point, Trooper Turner
proceeded to search the bags in the trunk where he discovered several packets of marijuana. 
Walker denied ownership of the marijuana, claiming it all belonged to the passengers of the
vehicle. Trooper Turner then had the two passengers exit the vehicle. He conducted a search of
the passenger compartment where he found more packets of marijuana and a small amount of
heroin. More than 10 pounds of marijuana were seized from Walker's vehicle. Walker and one
of the passengers


 were arrested, and Walker was subsequently convicted for possession of
marijuana. It is from this conviction that he appeals. 
          In his first point of error, Walker contends that his motion for mistrial made during voir
dire examination should have been granted because the State posed a question to the array which
irreparably prejudiced the panel toward him. During its voir dire examination, the State asked the
following: "Does anybody know a T.J. Spencer[?] He is a policeman in Ohio, or Robert Wilson,
who is also from Ohio?" Walker moved for a mistrial on the basis that from this question the
members of the panel could infer that he had been involved in illegal activity in another state and
were thereby prejudiced by knowledge of extraneous offenses committed by him. We disagree. 
          The Court of Criminal Appeals recently opined that, in most instances where objectionable
material is presented, the proper response is to remove the material from the jury's consideration
and admonish the jurors to disregard it. Bauder v. State, 921 S.W.2d 696, 698 (Tex. Crim. App.
1996). The court reasoned that because the presentation of prejudicial evidence is a frequent
occurrence in the adversarial trial process, to declare a mistrial each time an objection to such
evidence is sustained would be an impediment to efficient judicial resolution. Id. The court
further declared that the granting of a mistrial is "an extreme remedy for prejudicial events
occurring during the trial process" and should only be used to remedy any "residual prejudice"
which remains after a sustained objection and a curative instruction to the jury. Id. To determine
if a prejudicial comment or question presented to the venire panel by the State in a criminal
proceeding requires the granting of a mistrial, the court must ascertain whether it was "so
inflammatory that the prejudicial effect cannot be removed by an admonition." Patel v. State, 720
S.W.2d 891, 894 (Tex. App.—Texarkana 1986), aff'd, 787 S.W.2d 410 (Tex. Crim. App. 1990). 
Generally, any error stemming from an improper remark or question by the State can be rendered
harmless by an instruction to the jury to disregard. Hawkins v. State, 660 S.W.2d 65, 80 (Tex.
Crim. App. 1983). Because the State's question to the venire panel during voir dire was not meant
to incite the minds of the potential jurors, but was only to disclose any of the venire members'
personal knowledge of potential witnesses, we conclude that Walker's failure to request a curative
instruction prior to moving for a mistrial waived any error. Parr v. State, 606 S.W.2d 928, 931
(Tex. Crim. App. [Panel Op.] 1980); Barrett v. State, 900 S.W.2d 748, 751 (Tex. App.—Tyler
1995, pet. ref'd); Brown v. State, 757 S.W.2d 828, 830 (Tex. App.—Waco, 1988, pet. ref'd). 
Walker's first point is overruled. 
          In his second point of error, Walker alleges the trial court should have granted his motion
for mistrial after the testimony of Officer T.J. Spencer. Officer Spencer, a police officer from
Miami Township, Ohio, testified as to being familiar with Walker and with the current "street
value" of marijuana. We need not address the merits of this argument. To preserve error for
appellate review, the complaining party must have raised his complaint in the form of an objection,
request or motion in the trial court and obtained a ruling. Tex. R. App. P. 52(a); Broxton v. State,
909 S.W.2d 912, 918 (Tex. Crim. App. 1995). The failure to timely object at trial waives any
error. See Broxton, 909 S.W.2d at 918. At trial, Walker did not object during Officer Spencer's
testimony. Instead, he waited until Officer Spencer had been excused and then, outside the
presence of the jury, moved for a mistrial. We conclude that Walker's failure to timely object to
Officer Spencer's testimony at trial forecloses any complaint he might have on appeal. Walker's
second point is overruled.
          In his third and fourth points of error, Walker contends the trial court erred in admitting
evidence which was derived from an illegal search and seizure in violation of the federal
constitution and article 38.23 of the Code of Criminal Procedure. U.S. Const. IV, XIV; Tex.
Crim. Proc. Code Ann. § 38.23 (Vernon Supp. 1997). Specifically, Walker argues that State's
Exhibits 2, 3, 4, 6, 7, 8, 9, 10, and 11, individual packets of marijuana, were erroneously
admitted into evidence. Walker contends that, because Trooper Turner did not have probable
cause to search Walker's vehicle during a routine traffic stop, the marijuana should not have been
admitted into evidence.


 We disagree.
          First we will address Walker's third point of error, his complaint regarding State's Exhibit
2, the packet of marijuana taken from a red bag found in the trunk of Walker's vehicle and which
belonged to the passenger who evaded arrest. At trial, Walker objected to the admission of the
marijuana taken from the red bag on the basis that it was irrelevant. We conclude that because
Walker's complaint on appeal does not comport with the objection made at trial he has waived any
error. Tex. R. App. P. 52(a); Broxton, 909 S.W.2d at 918; Turner v. State, 805 S.W.2d 423, 431
(Tex. Crim. App.), cert. denied, 502 U.S. 870, 112 S.Ct. 202 (1991); Webb v. State, 899 S.W.2d
814, 819 (Tex. App.—Waco 1995, pet. ref'd). Walker's third point is overruled.
          We now turn our attention to the issue of whether Trooper Turner had probable cause to
legally search Walker's vehicle. Because of a vehicle's mobility and the general impracticality
of obtaining a search warrant for it, a vehicle may be lawfully searched without a warrant if there
is probable cause to believe it contains contraband or the instrumentalities of a crime. Chambers
v. Maroney, 399 U.S. 42, 47-52, 90 S.Ct. 1975, 1979-81 (1970); Delgado v. State, 718 S.W.2d
718, 722 (Tex. Crim. App. 1986); Pike v. State, 752 S.W.2d 737, 739 (Tex. App.—Waco 1988,
pet. ref'd). If there are such circumstances to lead a reasonable person to believe that a vehicle
contains contraband or any other exculpatory evidence, then a police officer is justified in
conducting a warrantless search. McNairy v. State, 835 S.W.2d 101, 106 (Tex. Crim. App.
1991); Bustamante v. State, 917 S.W.2d 144, 146-47 (Tex. App.—Waco 1996, no pet.). Once
an officer has probable cause to believe that contraband may be found in a vehicle, he may conduct
a valid search of any part of the vehicle where the contraband might be concealed. Delgado, 718
S.W.2d at 722.
          As a reviewing court, our duty is to determine if there was a substantial basis for
concluding that probable caused existed at the outset of the search. Angulo v. State, 727 S.W.2d
276, 278 (Tex. Crim. App. 1987); Bustamante, 917 S.W.2d at 147. The search of Walker's
vehicle began when Trooper Turner began investigating the contents of the bags located in
Walker's trunk. McCall v. State, 540 S.W.2d 717, 720 (Tex. Crim. App. 1976) ("A search
means, of necessity, a quest for, a looking for, or a seeking out of that which offends against the
law."). By opening the bags and examining their contents, Trooper Turner began his quest for
what he suspected was marijuana. We must examine the circumstances leading up to Trooper
Turner's search of the bags. Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332 (1983)
(the standard for reviewing the existence of probable cause is the "totality of the circumstances"
test); see also Amos v. State, 819 S.W.2d 156, 161 (Tex. Crim. App. 1991), cert. denied, 504
U.S. 917, 112 S.Ct. 1959 (1992). Trooper Turner testified that he stopped Walker's vehicle
because, from Walker's somewhat erratic driving, Trooper Turner believed him to be intoxicated. 
Trooper Turner asked to see Walker's driver's license and auto insurance verification. Walker
complied with Trooper Turner's request to produce his driver's license but explained he had no
insurance verification because a friend had rented the vehicle for him in Ohio so he could drive
it to Texas. Trooper Turner then asked Walker to show the rental agreement to him. Walker
indicated the rental agreement was in the glove box. Trooper Turner walked around to the
passenger's side of the vehicle, and the passenger rolled down the window to hand the rental
agreement to Trooper Turner. When the passenger rolled down the window, Trooper Turner
noticed a strong odor of unburned marijuana emanating from the vehicle. Upon examination of
the rental agreement, Trooper Turner observed that the vehicle had been rented on August 28,
1995, and was to be returned on August 29, 1995, two weeks prior to the offense date, September
12. Having noticed the name in which the vehicle had been rented, Trooper Turner asked Walker
if that was his friend's name. Walker replied negatively. Seeing that Walker was nervous and
"shaky," Trooper Turner asked Walker for the name of the friend who had rented the vehicle for
him, to which Walker replied that he did not know the name of the "friend." While Trooper
Turner questioned Walker about the rental agreement, he observed both passengers acting
nervously. Trooper Turner then suggested to Walker that perhaps Walker had put the correct
rental agreement in his luggage which was stored in the trunk. Walker indicated that it was
possible that he had put the rental agreement in his luggage. Walker opened the trunk for Trooper
Turner. When the trunk was opened, Trooper Turner was once again confronted with a strong
odor of freshly-cut marijuana. It was at this point Trooper Turner proceeded to conduct his
search.
          Based on the facts that: (1) Trooper Turner smelled unburned marijuana in the passenger
compartment of the vehicle; (2) Walker could not produce a valid rental agreement for the vehicle;
(3) Walker could not remember the name of the "friend" who supposedly rented the vehicle for
him; and (4) the nervousness of both Walker and his passengers, there was a substantial basis for
Trooper Turner to believe that marijuana was concealed in the vehicle. Therefore, because
Trooper Turner had probable cause to believe he would find marijuana in the bags stored in
Walker's trunk, all the marijuana was legally seized during a valid search and properly admitted
into evidence. Walker's fourth point of error is overruled.
          In his final point, Walker contends that the charge submitted to the jury was erroneous in
that it did not contain language calling for a directed verdict of not guilty. Because Walker has
failed to comply with the Rules of Appellate Procedure, we need not address the merits of his
argument. See Tex. R. App. P. 74(f). When a complaint regarding the jury charge is raised on
appeal, the appellant is required to set out in full the part of the charge of which he is complaining. 
Id.; Valdes-Fuerte v. State, 892 S.W.2d 103, 108 (Tex. App.—San Antonio 1994, no pet.). 
Despite his complaint regarding the jury charge on appeal and his timely objection made at trial
to the charge, Walker did not include the complained-of portion of the charge in his brief.
          Furthermore, we find Walker's "Argument and Authorities" under this point lacking. The
entirety of this section consists of his assertion of error and a repetition of his argument under
points three and four regarding lack of probable cause for Trooper Turner's search of Walker's
vehicle. Nowhere under this point of error is any law applied to the facts showing why Walker
should prevail. Consequently, we conclude that Walker's point is inadequately briefed. Smith v.
State, 907 S.W.2d 522, 531-32 (Tex. Crim. App. 1995); see also Tex. R. App. P. 74(f). 
Walker's fifth point of error is overruled.
          The judgment is affirmed. 
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed November 20, 1996
Do not publish