# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00073-CR

**Philip Robert Critchley, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT NO. CR-97-0187, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

A jury found appellant Philip Robert Critchley guilty of two counts of sexual assault, for which the district court assessed twenty years' imprisonment. *See* Tex. Pen. Code Ann. § 22.011 (West Supp. 2001). In his only point of error, appellant contends the court erred by admitting in evidence State's exhibit one, a pair of the complainant's panties. DNA analysis linked semen stains found on the panties to appellant. Appellant argues that the panties were inadmissible because the State failed to establish a proper chain of custody. We conclude that no error was committed and affirm the judgment of conviction.

The complainant spent the night in question at the home of appellant and her grandmother. She took a change of clothes with her on the visit. Upon returning to her mother's home the next day, the complainant reported that appellant had sexually assaulted her. The complainant's mother called the police and took her daughter to a hospital for examination. She said she placed the complainant's extra clothes, including a pair of panties, in a bag and took them with

her to the hospital, where she gave the bag to the police. The panties and other clothes the complainant was wearing when she returned from appellant's house, which she was still wearing when she went to the hospital, were also taken by the police at the hospital. The complainant's mother was uncertain whether State's exhibit one was the pair of panties the complainant was wearing when she went to the hospital or the extra pair.

Deputy Sheriff Deborah Elsbury went to the hospital in response to the reported sexual assault. She identified State's exhibit one as the panties the complainant was wearing at the hospital. Elsbury said she saw the complainant take off the panties and hand them to a nurse, who placed them in an evidence bag which was then sealed, labeled, and given to Elsbury. Elsbury testified that she took this sealed bag to the sheriff's department and placed it in storage. The next day, Blanco Police Officer David Cruz took the sealed bag containing the panties to the Department of Public Safety laboratory in Austin for analysis. Will Young, the department's forensic DNA analyst, identified State's exhibit one as the panties he received from Cruz, still in a sealed bag, and on which he found the semen stains containing DNA identical to appellant's known DNA.

Appellant challenges the chain of custody in several ways. First, he argues that the beginning of the chain was not established. He points to the uncertainty as to whether the complainant was wearing the panties when she arrived at the hospital as Deputy Elsbury testified, or whether the panties were the extra pair she brought home with her after visiting appellant as the complainant's mother initially testified. Next, appellant describes what he calls a "missing link" in the chain of custody. He notes that Officer Cruz testified that the sheriff gave him the evidence bag for delivery to the laboratory, while the chain of possession on the bag reflects that it was delivered to

2

Cruz by Deputy Elsbury. Finally, appellant complains that the chain of custody ends at the laboratory. There was testimony that the panties were returned to the sheriff's department from the laboratory by mail, but there was no documentary evidence of that fact.

The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. Tex. R. Evid. 901(a). Deputy Elsbury testified that the panties in question were taken from the complainant at the hospital. The complainant's mother was unsure whether the complainant was wearing the panties or brought them home with her following her visit with appellant. In either event, it was undisputed that the panties were worn by the complainant during her visit with appellant and delivered to the police at the hospital. The panties remained in a sealed evidence bag from the time they were received by the deputy at the hospital until the bag was opened at the laboratory, and there was no evidence that the panties could have been accidentally or deliberately contaminated with appellant's semen. The district court did not abuse its discretion by concluding that there was an adequate chain of custody. Any gaps or minor theoretical breaches in the chain prior to the DNA testing went to the weight of the evidence, not its admissibility. *See Lagrone v. State*, 942 S.W.2d 602, 617 (Tex. Crim. App. 1997); *Avila v. State*, 18 S.W.3d 736, 739 (Tex. App.—San Antonio 2000, no pet.). Under the circumstances of this case, questions regarding the handling of the panties after DNA testing was completed were of no consequence to the admissibility of the exhibit. *See Parr v. State*, 606 S.W.2d 928, 930 (Tex. Crim. App. 1980).

3

The point of error is overruled and the judgment of conviction is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   December 13, 2001

Do Not Publish