**David Lee HAYLES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 09–81–121–CR.

Court of Appeals of Texas,
Beaumont.

July 6, 1982.

Ted Allmond, Galveston, for appellant.

James V. Hewitt, Asst. Dist. Atty., Galveston, for appellee.

OPINION

DIES, Chief Justice.

Our former opinion is withdrawn, and the following substituted:

Appellant was convicted by a jury of the offense of criminal negligent homicide. In returning its punishment verdict, the jury directed:

"We, the jury, having found the Defendant guilty as charged in the Information assess his penalty at a fine of $1,000 and confinement in the County Jail for a term of 2 years. We further find he has not been previously convicted of a felony and recommend probation of the jail term herein."

The trial judge entered a judgment granting appellant probation included as the 14th condition thereof the following:

"14. Pursuant to Sec. 6b(a) of said Law served a 30 day term in the County Jail."

For this judgment, appellant brings this appeal on one ground of error, viz.: "[T]he Trial Court committed reversible error by imposing as a condition of probation that Appellant serve a Thirty (30) day term in the County Jail."

Effective January 1, 1982, the Legislature amended *Sec. 3a* of *Vernon's Ann. C.C.P., Art. 42.13* (Supp.1982), to read as follows:

"If probation is granted by the jury, the court may impose only those conditions which are set out in Section 6, 6a, 6b, or 6c hereof."

This would certainly indicate that prior to January 1, 1982, the Legislature doubted the court's authority to impose a thirty day jail term when probation was granted by a jury, and we now so hold. Therefore, in accordance with the authority granted by *Art. 44.24, Subdiv. (b), V.A.C.C.P.* (Supp. 1982), we reform and correct the judgment of the trial court to exclude and remove the thirty day jail term. In all other respects the judgment is affirmed.

AFFIRMED.