**Gregory Joel KADRMAS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–84–318–CR.**

Court of Appeals of Texas,
Fort Worth.

Sept. 26, 1985.

Hardy Burke, Denton, for appellant.

Jerry Cobb, Dist. Atty., and Jim E. Crouch, Asst. Dist. Atty., Denton, for State.

Before FENDER, C.J., and ASHWORTH and HILL (sitting for SPURLOCK), JJ.

## OPINION

FENDER, Chief Justice.

Appellant, Gregory Joel Kadrmas, was convicted by a jury of the offense of driving while intoxicated. TEX.REV.CIV. STAT.ANN. art. 6701L–1(b) (Vernon Supp.

1985). The jury assessed punishment at ten days confinement in the county jail and a $500 fine, and probated both the jail term and the fine. As a condition of probation, the court ordered appellant to pay the entire fine and to serve one-third of his jail term, or three and one-third days.

On appeal appellant argues that the court's judgment in effect overruled the jury's probation recommendation, a denial of his right to trial by jury. He urges us to reverse his conviction or reform the judgment to conform to the jury's verdict.

We agree in part with appellant's contention, and reform the judgment to eliminate the payment of the fine as a condition of probation. As reformed, the conviction is affirmed.

Misdemeanor probation is governed by TEX.CODE CRIM.PROC.ANN. art. 42.13 (Vernon Supp.1985). Section 3a of art. 42.-13 states:

> In all eligible cases, probation shall be granted by the court, if the jury recommends it in their verdict.

*Id.* The court here did grant probation. Section 3a continues:

> If probation is granted by the jury, the court may impose only those conditions which are set out in Section 6, 6a, or 6b hereof. The court may impose any one or all of those conditions.

*Id.* Among the conditions the court may impose under Sections 6, 6a or 6b are:

> Sec. 6(a)(8) pay his fine, if one be assessed, and all court costs, whether a fine be assessed or not, in one or several sums and make restitution or reparation in any sum that the court shall determine;

> •　　•　　•　　•　　•

> Sec. 6b　(a) When the court having jurisdiction of the case grants probation to the defendant, in addition to the conditions imposed under Section 6 of this article, the court may require as a condition of probation that the defendant submit to a period of detention in jail to serve a term of imprisonment not to ex-

ceed 30 days or one-third of the sentence, whichever is lesser.

TEX.CODE CRIM.PROC.ANN. art. 42.13, secs. 6 & 6b (Vernon Supp.1985).

The jury charge clearly set out the probation conditions that could be imposed by the trial court. It reads, in pertinent part:

> You are further instructed that if you recommend probaton [sic] in this case, the Court, in granting probation under such recommendation, can impose only the following conditions, but need not necessarily impose all of them:
>
> .  .  .  .  .
>
> (8) Pay his fine, if one be assessed, and all court costs whether a fine be assessed or not, in one or several sums, and make restitution or reparation in any sum that the Court shall determine;
>
> .  .  .  .  .
>
> (15) require as a condition of probation that the Defendant submit to a period of detention in jail to serve a term of imprisonment not to exceed 30 days or one-third of the sentence, whichever is lesser;

The court here ordered appellant to pay the fine that had been assessed and to serve one-third of his sentence. Appellant argues that the court's judgment is in direct conflict with the jury's verdict recommending that his fine and jail sentence be probated.

We agree with appellant that the court erred when it ordered him to pay the probated fine. Section 6(a)(8) authorizes the court to make payment of an assessed fine a condition of probation. The statute does not authorize the court to make payment of a probated fine a condition of probation. Where the jury affixes a fine and recommends that such fine be probated, the court cannot order it to be paid. *Goehring v. State*, 627 S.W.2d 159, 165 (Tex.Crim.App.1982); *See also Chudleigh v. State*, 540 S.W.2d 314, 319 (Tex.Crim. App.1976); and *Petersen v. State*, 630 S.W.2d 677, 679 (Tex.App.—Houston [1st Dist.] 1981, no pet.).

The judgment is therefore reformed to delete the $500 fine from the conditions of probation.

We do not agree, however, that the court erred when it ordered appellant to serve one-third of his jail term. Section 3a states that the court may impose the conditions listed in sec. 6b. Section 6b(a) states that when probation has been granted, the court may require as a condition of probation that the defendant serve 30 days or one-third of his sentence in jail. The jury here was instructed that if they granted probation the court could require that appellant serve one-third of his sentence.

Appellant mistakenly relies on the case of *Hayles v. State*, 644 S.W.2d 762 (Tex. App.—Beaumont 1982, no pet.). The Court of Appeals in that case noted that the Texas Legislature amended sec. 3a of art. 42.-13 effective January 1, 1982, because:

> "prior to January 1, 1982, the Legislature doubted the court's authority to impose a thirty day jail term when probation was granted by a jury."

*Id.* at 762.

The clear implication of the *Hayles* decision is, contrary to appellant's contentions, that after the 1982 amendments, a court does have authority to impose a jail term when probation is granted by a jury.

Language virtually identical to that complained of in secs. 3a and 6b(a) of art. 42.13 is found in TEX.CODE CRIM.PROC.ANN. art. 42.12, secs. 3a and 6b(a) (Vernon Supp. 1985) governing felony probation:

> Sec. 3a  In all eligible cases, probation shall be granted by the court, if the jury recommends it in their verdict, for the period recommended by the jury.
>
> .  .  .  .  .
>
> Sec. 6b  (a) When the court having jurisdiction of the case grants probation to the defendant, in addition to the conditions imposed under Section 6 of this article, the court may require as a condition of probation that the defendant submit to a period of detention in a penal institution to serve a term of imprison-

**302**

ment not to exceed 30 days or one-third of the sentence whichever is lesser.

*Id.*

This language in art. 42.12 was upheld in *Gardner v. State,* 632 S.W.2d 851 (Tex. App.—Houston [14th Dist.] 1982, no pet.), "as defining allowable conditions of probation that may be ordered by a district judge" *id.* at 855, in a case where the judge imposed a 30-day jail term as a condition of probation following the jury's recommendation that the defendant be placed on probation for ten years.

 We see no reason to vary or construe the clear, unambiguous language of secs. 3a and 6b(a) of art. 42.13, and, we therefore hold that the court did not err when it sentenced appellant to serve one-third of his sentence, or three and one third days, in the county jail.

As reformed, the conviction is affirmed.