**Edgar McINNIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–88–00318–CR.**

Court of Appeals of Texas,
Tyler.

June 16, 1989.

William Wright, Tyler, for appellant.

Michael Sandlin, Dist. Atty's Office, Tyler, for appellee.

PER CURIAM.

Appellant was found guilty by a jury of the misdemeanor offense of unlawfully carrying a handgun. The jury assessed punishment at 365 days in jail and a $300.00 fine. The jury recommended that both the fine and jail term be probated. The trial court placed Appellant on probation, ordering as a condition of probation that the fine of $300.00 be paid. Judgment reformed and as reformed affirmed.

Counsel for Appellant, who also represented Appellant at trial, has filed an appel-late brief in which he concludes the appeal is without merit and frivolous because the record reflects no reversible error. In compliance with *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), and *High v. State*, 573 S.W.2d 807 (Tex.Cr.App.1978), counsel has advanced one arguable point of error and provided Appellant with a copy of the brief in order that Appellant could file a pro se brief. No pro se brief has been filed.

In the one arguable point advanced, it is urged that the trial court erred in overruling Appellant's objection to an argument of the prosecutor. According to Appellant's brief the objectionable argument consisted of the prosecutor's statement, "Now if he is intentionally and knowingly carrying on or about his person a handgun, then he is guilty of that law [sic]." Appellant objected "on the grounds that it's a misstatement of the law." The court then stated:

> Ladies and gentlemen, bear in mind that argument is not necessarily what the law is or what the facts are but the attorney's interpretation of it. But the Court has placed the correct law in this Charge. There is an exception to—There are exceptions to the handgun rule, and the exception applicable to this case under the evidence is contained in the charge of the Court. Thank you. You may proceed.

As pointed out by the State, the trial court did not overrule or sustain the objection.

■ The failure to obtain an adverse ruling on an objection to jury argument waives any error. *Graham v. State*, 566 S.W.2d 941, 954 (Tex.Cr.App.1978). In *Graham*, after defense counsel objected to prosecutorial jury argument, the trial court instructed the prosecutor to confine his remarks to the record. In disposing of the point of error complaining of the argument, the Court of Criminal Appeals held "[n]o adverse ruling was obtained. Nothing is presented for review." *Id.*

In this case the scenario is essentially the same as presented in *Graham*. No adverse ruling was obtained and thus nothing is presented for review. The point of error is overruled.

■ In addition to the arguable point raised, we have carefully examined the

record and determined that the judgment must be reformed. The jury recommended that both the $300 fine and the jail term be probated. The trial court probated the jail term and ordered the fine paid as a condition of probation.

Pursuant to Tex.Code Crim.Proc.Ann. art. 42.12, § 3a(b) (Vernon Supp.1989), "probation shall be granted by the court, if the jury recommends it in their verdict." The statute thereafter limits the conditions of probation that may be imposed to those listed in sections 6, 6a or 6b. *Id.* One such permissible condition is the payment of a fine if one is assessed. Tex.Code Crim. Proc.Ann. art. 42.12, § 6(a)(8) (Vernon Supp.1989).

The trial court erred when it ordered Appellant to pay the probated fine. It was without the authority to impose such a condition in the face of the jury's recommendation. "Where the jury affixes a fine and recommends that such fine be probated, the court cannot order it to be paid." *Kadrmas v. State*, 696 S.W.2d 299, 301 (Tex.App.–Fort Worth 1985, no pet.).

The judgment is therefore reformed to eliminate the payment of the $300.00 fine as a condition of probation.

As reformed, the judgment of the trial court is affirmed.