Raymond Paul TYSON, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–92–0025–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 3, 1993.

Beverly J. Backers, Houston, for appellant.

Kimberly Aperauch Stelter, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

The appellant pled not guilty to the offense of delivery of cocaine. A jury found him guilty and assessed punishment, enhanced under TEX. PENAL CODE ANN. § 12.-42(d) (Vernon Supp.1993) at imprisonment for life. He raises three points of error on appeal.

Officer Lori Ann Bender (Bender) of the Houston Police department was participating in undercover narcotics operations in southwest Houston. As she drove slowly past an apartment complex in the 3800 block of Underwood, the appellant approached Bender's car. She asked the appellant if he knew where she could get a "twenty," or twenty dollars worth of cocaine. The appellant instructed Bender to wait, and entered the apartment complex. He returned to Bender's car about thirty seconds later and told her that his supplier would not sell less than a "thirty." Bender told the appellant that she would purchase forty dollars worth of cocaine. The appellant motioned for her to pull her car into the apartment complex, and re-entered the apartment complex. Bender drove her car around the block and entered the parking lot.

A few minutes later, the appellant returned to the officer's car accompanied by a man later identified as Roberto Rangel. The officer exited her car, and faced Rangel. The appellant then instructed Officer Bender to tell Rangel what she wanted. She told Rangel that she wanted a "forty." Rangel looked at the appellant, and the appellant encouraged him to sell Bender the cocaine. Rangel then retrieved a plastic baggy and handed it to Officer Bender. She opened the baggy and it appeared to contain cocaine. She handed Rangel forty dollars, and thanked the appellant for his help. She returned to her car and left. She then called the raid team on her radio and described the two suspects. Both were arrested. The substance tested positive for cocaine.

In his first point, the appellant argues that the prosecutor improperly commented on his failure to testify. The state argues that the comments made by the prosecutor were in response to the appellant's closing argument. The appellant's attorney argued:

Is it reasonable to assume that if a person is acting in concert with another person that if he has a conversation about it and they know what they are doing that the person actually making the transfer doesn't know what's going on? Doesn't know if he's going to do it or not? Why does it take two people to come there if they know what's going on?

The prosecutor made the following remarks during rebuttal:

The defendant comes outside with Roberto Rangel. Who's ahead? Who's walking ahead? Who's leading the two men? The defendant. Then he goes up to the officer and they have a discussion and the defendant encourages both people to consummate the deal. So the defendant is directing, he's aiding, he's running the whole show and he's encouraging Roberto. Who knows why? The defense at-

torney says why would two drug dealers come out and do it? Why not? Why not ask the drug dealers? Why did Roberto Rangel come out? Who knows? You can't blame that on her, and anything we say regarding that is speculation.

The appellant argues the prosecutor's statements were a direct comment on his failure to testify.

 The appellant did not object to the prosecutor's argument. By failing to object and obtain an instruction for the jury to disregard the statements, the appellant waived any error. *See Losada v. State*, 721 S.W.2d 305, 313 (Tex.Crim.App.1986). Any prejudice caused by these remarks could have been cured by an instruction to disregard. We also note that the appellant admitted his guilt during the punishment phase. By doing so, he waived all points of error concerning the guilt-innocence stage of trial. *DeGarmo v. State*, 691 S.W.2d 657, 661 (Tex.Crim.App.1985), *cert. denied*, 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985).

 Furthermore, these statements were not improper. The appellant invited these remarks by asking why two people were involved in the offense. The prosecutor's statements were made in response to the appellant's closing argument. *See Harris v. State*, 827 S.W.2d 949, 963 (Tex. Crim.App.1992), *cert. denied*, — U.S. —, 113 S.Ct. 381, 121 L.Ed.2d 292 (1992). To be improper, the prosecutor's remark must be of such a character that the jury would naturally and necessarily take it as a comment on the defendant's failure to testify. *Montoya v. State*, 744 S.W.2d 15, 35 (Tex. Crim.App.1987), *cert. denied*, 487 U.S. 1227, 108 S.Ct. 2887, 101 L.Ed.2d 921 (1988). If the remark can be reasonably construed as a comment on the defendant's failure to produce testimony or evidence from sources other than himself, reversal is not required. *Livingston v. State*, 739 S.W.2d 311, 338 (Tex.Crim.App.1987), *cert. denied*, 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988). Taken in context, these remarks can be reasonably construed as a comment on the appellant's failure to call Rangel to testify. We overrule the first point of error.

 In his second point of error, the appellant argues the trial court erred by allowing Officer Bender to testify during the punishment stage of trial. Although the rule had been invoked at the beginning of the guilt-innocence stage, Officer Bender remained in the courtroom during the punishment stage. The appellant did not object to Officer Bender's testimony during the punishment proceedings. By failing to call the matter to the trial court's attention, the appellant waived any error. *Ex Parte Crispen*, 777 S.W.2d 103, 105 (Tex.Crim. App.1989).

 Even if the appellant had objected, we find that allowing the testimony would not have been an abuse of the trial court's discretion. The appellant testified during the punishment stage. On cross-examination, he offered a version of the facts surrounding the offense that conflicted with Officer Bender's testimony during the guilt-innocence stage. He stated that aside from himself and Rangel, another person named Tony was involved in the drug deal. He also stated that Officer Bender gave Tony some cocaine during the transaction. Officer Bender had testified during guilt-innocence that there was another individual near the transaction, but that he was not involved. The state called Officer Bender to rebut the appellant's testimony. She stated that she heard the appellant's testimony, and that it was not true.

The state argues that it had no intention of calling Officer Bender to testify during sentencing because she had no knowledge of any factors relevant to sentencing. The trial court did not abuse its discretion by allowing her to testify under these facts. *Guerra v. State*, 771 S.W.2d 453, 476 (Tex. Crim.App.1988), *cert. denied*, 492 U.S. 925, 109 S.Ct. 3260, 106 L.Ed.2d 606 (1989). We overrule the second point of error.

 In his third point of error, the appellant argues that he received ineffective assistance of counsel. He raises twelve separate instances. Two of the instances involve the same matters raised in points of

error one and two. For the reasons discussed above, we find these allegations to be without merit. The appellant provides no references to the record, and cites no authority in support of the remaining allegations. He has presented nothing for review. *See Pierce v. State,* 777 S.W.2d 399, 418 (Tex.Crim.App.1989), *cert. denied,* 496 U.S. 912, 110 S.Ct. 2603, 110 L.Ed.2d 283 (1990); *Bell v. State* 620 S.W.2d 116, 126 (Tex.Crim.App. [Panel Op.] 1980). The appellant merely relies on generalized statements of law concerning ineffective assistance of counsel. He has not even attempted to show how the alleged errors were material to the outcome of the trial. We overrule the third point of error, and affirm the conviction.