**Dewey BARRETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 12–93–00037–CR.

Court of Appeals of Texas,
Tyler.

Jan. 31, 1995.

Rehearing Overruled May 3, 1995.

Discretionary Review Refused May 3, 1995.

Sam Griffith, Tyler, for appellant.

Ed Marty, Tyler, for appellee.

HADDEN, Justice.

Dewey Barrett ("Appellant") appeals his conviction for burglary of a building. Appellant was found guilty by a jury, and punishment was assessed at 75 years confinement and a fine of $1,000.00. Appellant challenges his conviction in five points of error on appeal. We will affirm.

In his first point of error, Appellant contends that the trial court erred in admitting evidence of extraneous offenses at trial. He claims that evidence showing his commission of other burglaries should not have been admitted, and constitutes reversible error.

The evidence shows that on January 11, 1992, The Athlete in Tyler was burglarized. The burglar threw a brick through the front plate glass window and took several articles of clothing and some shoes. Police officers were dispatched to a commercial alarm; however, the perpetrators left the scene before they arrived.

Acting on information that the police had received, one of the officers assigned to the tactical unit went to Appellant's house to talk to him. Appellant's sister answered the door. While talking to her, he observed two individuals run out the back door in the direction of Marvin Pettigrew's house behind Appellant's house.

The officer was granted permission to search Appellant's house, and testified at trial that he found tennis shoes that had been taken from The Athlete. In addition, he was allowed to testify concerning other items found which were shown to have been recently taken in other "smash and grab" burglaries, including a VCR, a radio-controlled toy vehicle, and other items identified as taken in a Radio Shack burglary. Other items from The Athlete, as well as items from the other burglaries, were found in the search of Marvin Pettigrew's house.

The tactical officer described the "smash and grab" burglaries that were typical of the type that Tyler had been experiencing at the time. The police department had established a special tactical unit to attempt to apprehend whoever was carrying out these crimes. There was evidence that these crimes involved more than one person.

Two individuals who admitted being involved in the burglary of The Athlete testified that Appellant was with them at The Athlete on the night of the burglary. They stated that they saw Appellant in possession of property taken from The Athlete, but they had not actually seen him take the property.

Extraneous offenses are admissible as relevant for many reasons set forth in TEXAS RULE OF CRIMINAL EVIDENCE 404(b), provided the probative value is not substantially outweighed by the prejudicial effect. *See* TEX. R.CRIM.EVID. 403. A party may introduce such evidence where it logically serves to make more probable or less probable an elemental fact, such as identity or intent, or an evidentiary fact that inferentially leads to an elemental fact, such as motive, opportunity, or preparation. TEX.R.CRIM.EVID. 404(b); *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex.Cr.App.1990).

■ In the instant case, the evidence of the other offenses goes to the identity exception set out in Rule 404(b). One of the defense theories presented at trial was that Appellant was not the person who committed the burglary. The testimony concerning the other burglaries and the property taken in them, which were connected to Appellant, demonstrated that he and the other participants had a certain, distinctive *modus operandi*. Utilizing the "smash and grab" method, they could smash a window in a closed store, quickly take items from the store and be gone before the police arrived. There were distinguishing characteristics common to both the extraneous offenses and the in-

stant offense. We find the trial court did not abuse its discretion in allowing this evidence. *Crawford v. State*, 770 S.W.2d 51 (Tex.App.—Texarkana 1989, no pet.); *Paz v. State*, 749 S.W.2d 626 (Tex.App.—Corpus Christi 1988, pet. ref'd).

In addition, the trial court's jury instructions properly limited the jury's consideration of the extraneous offense. This instruction lessened any prejudicial effect of the evidence. *See Abdnor v. State*, 871 S.W.2d 726, 738 (Tex.Cr.App.1994); *Keller v. State*, 818 S.W.2d 425 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd). The trial court's decision to admit the evidence was within the "zone of reasonable disagreement" regarding the balancing of its probative value versus its prejudicial effect, as set forth in *Montgomery*, and this decision should not be disturbed on appeal.

■ We also note, as addressed more thoroughly under our discussion of Points Three and Four, that Appellant admitted his guilt during the punishment phase of the trial. By doing so, he has waived all points of error concerning the guilt-innocence stage. *DeGarmo v. State*, 691 S.W.2d 657, 661 (Tex. Cr.App.), *cert. denied*, 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985). *E.g., Medina v. State*, 770 S.W.2d 54, 56 (Tex.App.—Texarkana 1989, no pet.) (admission of guilt during punishment phase waived any error in the admission of hearsay testimony at guilt-innocence phase). For these reasons, point one is overruled.

■ Appellant's second point of error claims that the trial court erred in permitting the State to make an improper jury argument during the guilt-innocence phase of the trial regarding Appellant's commission of other offenses. The argument, which is cited by page number in Appellant's brief,[1] is as follows:

---

1. Appellant states in his brief that the objection to the jury argument was sustained, and that his motion for mistrial was denied. However, the cited rulings do not apply to the complained-of argument. The only objection sustained by the court occurred eight pages later in the record when the State referred to Appellant's failure to call witnesses. No motion for mistrial was made

until after the jury was retired for deliberation. When the trial court sustained Appellant's objection, he received all of the relief that he had requested. *Boyd v. State*, 643 S.W.2d 700, 707 (Tex.Cr.App.1982). A motion for mistrial made after the conclusion of the jury argument was too late to preserve error. *Williams v. State*, 427 S.W.2d 868, 873 (Tex.Cr.App.1967); *Klasing v.*

STATE: Both Elvin Bradley and Jonathan Cole testified, you know, after they committed this burglary they went back to the house, divided up the loot, and decided they would go out riding around. Well, they ended up back at Sports America. You can decide why these people might be at Sport [sic] America. Whether or not they are having car trouble or whether or not they are there for another reason.

DEFENSE

COUNSEL: Objection, Your Honor. That's not in the evidence. That's an extrapolation and improper.

THE COURT: Counselor, he can extrapolate any fact that was in evidence.

DEFENSE

COUNSEL: Thank you, Judge.

The above dialogue shows that Appellant has failed to preserve error for review. He did not press his objection to the point of procuring an adverse ruling, nor did he request an instruction to disregard. *Johnson v. State,* 604 S.W.2d 128, 132 (Tex. Cr.App.1980); *Stoner v. State,* 585 S.W.2d 750, 755 (Tex.Cr.App.1979); *McInnis v. State,* 777 S.W.2d 119, 119 (Tex.App.—Tyler 1989, no pet.). *E.g., Brown v. State,* 757 S.W.2d 828, 830 (Tex.App.—Waco 1988, pet. ref'd) (trial court's statement that "you may base your argument on the evidence as you see it" was not an adverse ruling). Had an instruction to disregard been requested, there is a presumption that it would have been obeyed by the jury thereby curing any error. *Waldo v. State,* 746 S.W.2d 750, 754 (Tex.Cr.App.1988); *Reed v. State,* 794 S.W.2d 806, 811 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd). Therefore, nothing has been preserved for review.

In addition, Appellant waived any error relating to the argument by taking the stand during the punishment phase and admitting his guilt. *DeGarmo,* 691 S.W.2d at 661. *See, e.g., Tyson v. State,* 857 S.W.2d 697, 699 (Tex.App.—Houston [14th Dist.] 1993, no pet.) (punishment phase testimony

*State,* 771 S.W.2d 684, 688 (Tex.App.—Corpus Christi 1989), *aff'd,* 812 S.W.2d 322 (Tex.Cr.App.

waived complaint about State's closing arguments); *Griffin v. State,* 850 S.W.2d 246, 251 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd) (punishment phase testimony waived complaint regarding State's jury arguments). Consequently, Appellant's second point is overruled.

In Appellant's third and fourth points of error, he claims that there was no evidence and insufficient evidence, respectively, to support the conviction. A sufficiency of the evidence review requires that, while viewing the evidence in the light most favorable to the verdict, we ask whether any rational trier of fact could have found beyond a reasonable doubt all of the elements being challenged. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Upton v. State,* 853 S.W.2d 548, 551 (Tex.Cr.App.1993); *DeGarmo,* 691 S.W.2d at 661. In viewing the evidence, this Court will look to all of the evidence in the case that was adduced at both stages of the trial, and not just evidence offered or presented by the State. *DeGarmo,* 691 S.W.2d at 661; *Mata v. State,* 867 S.W.2d 798, 806 (Tex.App.—El Paso 1993, no pet.). Thus, evidence presented at the punishment stage of the trial may be considered in determining whether the evidence is sufficient to sustain a guilty verdict for the primary offense. *DeGarmo,* 691 S.W.2d at 661; *Mata,* 867 S.W.2d at 806; *Lopez v. State,* 852 S.W.2d 695, 697 (Tex. App.—Corpus Christi 1993, no pet.).

The record reflects that Appellant testified at the punishment phase of the trial. During his testimony, he admitted that he was guilty of the charged offense. He stated that "I knew I was guilty of a crime," but that he elected to have a jury trial "because I don't feel like my crime was severe enough to, you know, receive the kind of punishment that [the State] was trying to give me." Defense counsel included this admission in his closing argument, stating that "Mr. Barrett has acknowledged to you, yes, he's been caught with his hand in the cookie jar."

1991).

■ Generally, a defendant waives any challenge to the sufficiency of the evidence if he testifies during the punishment phase of the trial and admits the commission of the acts alleged in the indictment. *DeGarmo,* 691 S.W.2d at 661; *Brown v. State,* 617 S.W.2d 234, 236 (Tex.Cr.App.1981); *Mata,* 867 S.W.2d at 807. Since Appellant admitted his guilt during his punishment phase testimony, he has waived any challenge to the sufficiency of the evidence on appeal. Accordingly, Appellant's third and fourth points of error are overruled.

In his fifth point of error, Appellant asserts that the trial court erred in failing to suppress the enhancement paragraph of the indictment. He argues that the offense alleged in the enhancement paragraph does not match the offense for which he was actually convicted. The enhancement paragraph states that:

> [O]n the 19th day of July 1991, in the 241st Judicial District Court of Smith County, Texas, in Cause Number 1–91–296, the said DEWEY D. BARRETT was finally convicted of the felony offense of Burglary of a Building;

. . . . .

The judgment offered as proof of the prior conviction was for Cause No. 1–91–296, in the 241st District Court of Smith County, Texas. The judgment, dated July 19, 1991, stated that "the said Defendant is guilty of the felony offense of ATTEMPTED BURGLARY OF A BUILDING."

■ It is not necessary to allege prior convictions for enhancement purposes with the same particularity that must be used in charging the primary offense. *Freda v. State,* 704 S.W.2d 41, 42 (Tex.Cr.App.1986); *Cole v. State,* 611 S.W.2d 79, 80 (Tex.Cr.App. [Panel Op.] 1981); *Earl v. State,* 870 S.W.2d 669, 671 (Tex.App.—Houston [1st Dist.] 1994, no pet.). The purpose of the enhancement allegations is to give the defendant notice of the earlier convictions so that he can prepare a defense. *Cole,* 611 S.W.2d at 82; *Earl,* 870 S.W.2d at 671.

■ A variance between the offense alleged in an enhancement paragraph and the proof presented at trial is material and fatal only if the appellant shows surprise or prejudice. *Freda,* 704 S.W.2d at 42–43; *Earl,* 870 S.W.2d at 671; *York v. State,* 764 S.W.2d 328, 332 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd).

In *Freda,* the indictment alleged that the defendant had a prior conviction for bank robbery, but the evidence proved that he had been convicted of conspiracy to commit bank robbery. *Freda,* 704 S.W.2d at 42. The Court of Criminal Appeals held that the variance was not fatal or material since the defendant had not shown that the variance in any way surprised him to his prejudice. *Id.* at 43.

■ In the present case, both the enhancement paragraph and the pen packet showed the proper cause number, the date of conviction, the number and location of the convicting court, and the fact that the offense was a felony. The only variance was in the name of the prior offense. Appellant claims that he was surprised by the variance, and that he was misled to his prejudice. However, at trial, Appellant testified that he was aware of his prior conviction, but pled "not true" simply because he knew that the name of the offense was inaccurately alleged. Clearly, the presence of substantially correct details within the enhancement paragraph, along with evidence establishing that Appellant had not been surprised or misled by the allegations, shows that the variance was neither fatal nor material. *See, e.g., York,* 764 S.W.2d at 332 (variance in offense was not fatal, despite assertions of surprise, since indictment alleged the correct date, cause number, court and county). Appellant's fifth point of error is overruled.

The judgment of the trial court is **affirmed.**