# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00812-CR

**Harry Rutledge, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT NO. 9024214, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted Harry Rutledge of delivery of less than one gram of cocaine, enhanced by three prior drug convictions. *See* Tex. Health & Safety Code Ann. ' 481.112 (West 2003). In one issue, appellant contends that a variance between the indictment and proof violated his right to due process. Because appellant does not argue and presented no evidence that he was surprised or prejudiced by the discrepancy between the indictment and the proof at trial, we affirm the judgment of conviction.

The State alleged in the indictment that on or about June 13, 2002, appellant unlawfully delivered cocaine in an amount less than one gram, and that he had been previously convicted of felony possession of a controlled substance on September 5, 1997, in cause number 971760 in Travis County. Because the cause number of the offense alleged in the indictment was not identical to the cause number presented at trial, appellant argues that he was denied due process. The State responds that any discrepancy between the number in the indictment and the proof at trial was not material or harmful.

A variance must be both material and prejudicial to the defendant before it is fatal. *Human v. State*, 749 S.W.2d 832, 837 (Tex. Crim. App. 1988) (op. on reh=g). For a variance to be material it must mislead the party to his prejudice. *Plessinger v. State*, 536 S.W.2d 380, 381 (Tex. Crim. App. 1976) (admonishing A[w]hile the carelessness here involved is not to be condoned, we are unable to say that appellant has shown surprise or that he was misled to his prejudice.@). The defendant has the burden of showing surprise or prejudice. *Santana v. State*, 59 S.W.3d 187, 194 (Tex. Crim. App. 2001).

Appellant does not contend that he was misled, surprised, or prejudiced by the discrepancy between the indictment and the State=s proof. State=s exhibit 7 shows the cause number of the judgment as 971768, rather than 971760 as recited in the indictment. However, both the exhibit and the indictment recite the correct date, court, and county of the judgment. Appellant contends that the single digit variance in the cause numbers violated his due process rights.

The slight discrepancy between the two cause numbers in the indictment and on the judgment is controlled by the *Human* court=s decision regarding a similar discrepancy. In that case, the court found that AF7808690@ and AF-78-8690-IQ@ were substantially the same cause numbers. *Human*, 749 S.W.2d at 837-38. Commenting on the history of the variance rule, the court stated: Athe rigid rule that a mere or slight variance between what was alleged and what was proved was sufficient to render the evidence insufficient no longer applies.@ *Id*. at 836. Noting that Human had never asserted that he was not given sufficient notice through the pleadings of what the State intended to prove, that he was ever surprised, or that he was misled to his prejudice by the discrepancy that existed between the State=s allegation and its proof, the court concluded that the variance was not fatal, and that appellant was not surprised or prejudiced by the discrepancy. *Id*. at 837-38. A variance between the cause number alleged in the enhancement paragraph and the cause number of the prior conviction proved in court is not fatal to the enhancement so long as the appellant was not prevented from identifying the conviction and preparing a defense thereto. *See Barrett v. State*, 900 S.W.2d 748, 752 (Tex. App.CTyler 1995, pet. ref=d). Where the State proves up the correct court, county, date, and offense, a variance in cause numbers is not fatal. *Straughter v. State*, 801 S.W.2d 607, 611 (Tex. App.CHouston [1st Dist.] 1990, no pet.).

Appellant does not argue that the State failed to notify him of the judgments and proof it intended to offer at trial. Nor does he argue that he was misled to his prejudice in preparing his defense. Appellant failed to object at the time the exhibit was offered and admitted. Although the enhancement paragraph in the indictment stated an incorrect cause number, the presence of other correct details, including the correct court, county, date, and offense, provided appellant with adequate notice of his prior conviction.

3

Because appellant failed to demonstrate that this slight discrepancy surprised him or prejudiced his rights, we conclude that it did not violate his right to due process.

**CONCLUSION**

We overrule appellant=s issue on appeal and affirm the conviction.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Kidd and Patterson

Affirmed

Filed:   May 15, 2003

Do Not Publish