NO.
12-06-00216-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

MARCUS D’KEITH JONES,          §          APPEAL
FROM THE 114TH

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          SMITH
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION








            Marcus Jones
appeals his conviction for retaliation. 
His appellate counsel has filed a brief in compliance with Anders
v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).[1]  We affirm.

Background

            A
Smith County grand jury indicted Appellant for the felony offense of
retaliation.  The grand jury also alleged
that Appellant had previously been convicted of a felony offense.  Appellant pleaded not guilty and was found
guilty after a jury trial.  Appellant
waived his right to have a jury assess punishment.  In a separate punishment hearing, the trial
court found that Appellant had previously been convicted of a felony offense
and assessed punishment at fifteen years of imprisonment.  This appeal followed.

 

Analysis
Pursuant to Anders v. California








            Appellant’s
counsel has filed a brief in compliance with Anders.  Counsel states that she has diligently
reviewed the appellate record and that she is well acquainted with the facts of
each of these cases.  In compliance with Anders
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel’s
brief presents a chronological summary of the procedural history of the case
and further states that counsel is unable to present any arguable issues for
appeal.

            We
have considered the brief submitted by Appellant’s counsel and have conducted
our own independent review of the record. 
See Anders, 386 U.S. at 745, 87 S. Ct. at 1400; see
also Penson v. Ohio, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L.
Ed. 2d 300 (1988).  We have found no
reversible error.  See Bledsoe v.
State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).








            We
did, however, discover an irregularity during our review of the record.  The State proved that Appellant had been
convicted of aggravated robbery on September 26, 1986.  The indictment alleged that he had been
convicted of aggravated assault on that date. 
This does not cause us to conclude that we should remand this matter
with instructions to appoint counsel. 
What the State sought to prove was that Appellant had a prior felony
conviction.  See Tex. Penal Code §12.42(a)(3) (Vernon
2006).  The variance between an
allegation pleaded in an enhancement paragraph and the proof introduced at
trial is material and fatal only if it would mislead a defendant to his
prejudice.   See Freda v. State, 704 S.W.2d 41,
42 (Tex. Crim. App. 1986); Barrett v. State, 900 S.W.2d 748, 752
(Tex. App.–Tyler 1995, pet. ref’d).  At
the punishment hearing, Appellant’s trial counsel forthrightly acknowledged
that she had received discovery related to the prior conviction.  The prior conviction is the same as the
conviction alleged in the indictment in terms of date of conviction, cause
number, and court.  After our review of
the record, we find no reason to conclude that it is arguable that Appellant
was misled to his prejudice by the inaccurate allegation in the indictment.

 

Conclusion

            As
required, Appellant’s counsel has moved for leave to withdraw.  See Stafford v. State,
813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 
After considering the record and the brief and having found no
reversible error, we affirm the judgment of the trial court and grant
Appellant’s counsel’s motion for leave to withdraw.

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

Opinion delivered April 25, 2007.

Panel
consisted of Worthen, C.J. and Griffith, J.

 

                                                                                                                                

(DO NOT
PUBLISH)











[1] Appellant was given time to file his own brief
in this cause.  The time for filing such
a brief has expired, and we have received no pro se brief.  The State waived the filing of a brief.