*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00511-CR

Christopher Darnell **BRAXTON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 63rd Judicial District Court, Val Verde County, Texas
Trial Court No. 11111-CR
Honorable Thomas F. Lee, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:        Catherine Stone, Chief Justice
                Phylis J. Speedlin, Justice
                Steven C. Hilbig, Justice

Delivered and Filed: September 16, 2009

AFFIRMED

Christopher Darnell Braxton was convicted of two counts of theft of property and the jury assessed punishment at eighteen months in a state jail facility and a $3,500 fine. In his sole point of error on appeal, Braxton argues the trial court erred in denying his motion for mistrial. Because we agree with the State that Braxton failed to preserve his complaint for appeal, we affirm the trial court's judgment.

Braxton objected to comments made by the prosecutor during the State's rebuttal jury argument in the punishment phase of the trial. The trial court instructed the jury to disregard the comments, and the prosecutor concluded his argument. Later, after the jury had begun deliberations, Braxton moved for a mistrial. The trial court denied the motion.

To preserve an issue for appellate review, the complaint must have been made to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1. "A motion for mistrial is timely only if it is made as soon as the grounds for it become apparent." *Griggs v. State*, 213 S.W.3d 923, 927 (Tex. Crim. App.), *cert. denied*, 128 S.Ct. 153 (2007). Here, the grounds for Braxton's motion for mistrial became apparent during the State's argument. Braxton's motion for a mistrial, made after the jury retired to deliberate, was therefore untimely and failed to preserve his complaint for appellate review. *See id.*; *Barrett v. State*, 900 S.W.2d 748, 750 n. 1 (Tex. App.—Tyler 1995, pet. ref'd).

The trial court's judgment is affirmed.

Steven C. Hilbig, Justice

DO NOT PUBLISH